# Exhibit 47

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF HAWAI'I, STATE OF ILLINOIS, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN, CITY OF CHICAGO, and COOK COUNTY, ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, *in his official capacity as Secretary of the United States Department of Health and Human Services*; and UNITED STATES OF AMERICA, <br><br> Defendants. | CIVIL ACTION NO. 1:19-cv-04676-PAE |

-1-

## DECLARATION OF MARIE ZIMMERMAN

1. I, Marie Zimmerman, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct:

2. I submit this Declaration in support of the State of Minnesota, related to litigation involving the recently issued rule entitled Protecting Statutory Conscience Rights in Health Care; Delegations of Authority ("Final Rule"). I have compiled the information in the statements set forth below either through personal knowledge, through Minnesota Department of Human Services ("MDHS") personnel who have assisted me in gathering this information from our agency, or on the basis of documents that I reviewed. I have also familiarized myself with the Final Rule in order to understand its immediate impact upon MDHS.

3. I am employed by MDHS as the Assistant Commissioner for Health Care and Minnesota's Medicaid Director. In this position, I oversee and lead Minnesota's Medicaid program, Medical Assistance, and its Basic Health Program (MinnesotaCare).

4. MDHS receives funding from HHS that it passes through to subcontractors to deliver health services. For example, MDHS reimburses fee-for-service Medical Assistance providers for Medicaid services they provide. It also contracts with managed care organizations ("MCOs" or "Plans") to provide managed care to Medicaid and MinnesotaCare recipients.

5. MDHS anticipates that individuals or entities may assert religious or moral objections to certain services covered by MinnesotaCare or Medicaid. For example, Medical Assistance services reimbursed by MDHS on a fee-for-service basis include abortions, prescription contraceptives, STD prevention services, and vaccinations. Medical Assistance services reimbursed by MDHS through MCOs include contraceptives, STD prevention services, and vaccinations.

6. In contracting with MCOs for Medicaid and MinnesotaCare, MDHS uses a model contract, which includes a requirement that the MCOs comply with federal law. The model contract permits annual adjustments to the agreed-upon rates MCOs are paid in order to account for legislative changes. This language is part of all current contracts between MDHS and the MCOs. Given the breadth of the Final Rule, MCOs may seek higher capitation rates to account for increased costs, which could increase costs to the State.

7. In state fiscal year 2018, MDHS received approximately $7.1 billion in federal matching funds for the State's Medicaid program, and $369 million in federal funds for MinnesotaCare. MDHS also received approximately $491 million from HHS for Medicaid administrative costs. MDHS projects it will receive $7.8 billion in state fiscal year 2020 for Medicaid, and $444.2 million for MinnesotaCare. These HHS funds would be at risk if CMS withheld funds for alleged noncompliance with the Final Rule.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed on this 6 day of June, 2019

_____
MARIE ZIMMERMAN
Assistant Commissioner for Health Care and Minnesota's Medicaid Director

|#4499766-v1