June 27, 2019

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, NY 10007

>   RE:  Plaintiffs' joint opposition to Defendants' motion to continue the deadline to respond to Plaintiffs' motions for preliminary injunction, and for other relief, in *State of New York v. U.S. Dep't of Health & Human Servs.*, 19 Civ. 4676 (PAE) (consolidated with 19 Civ. 5433 (PAE) and 19 Civ. 5435 (PAE)).

Dear Judge Engelmayer,

Plaintiffs in these consolidated cases oppose Defendants' motion to continue the deadline to respond to Plaintiffs' motions for preliminary injunction and to set a summary judgment briefing schedule. Dkt. 79. Defendants' motion represents that "HHS will delay enforcement of the HHS rule challenged in this case" until November 22, 2019. *Id.* at 1. Nonetheless, the effective date of that rule remains July 22, 2019. 84 Fed. Reg. 23,170, 23,170 (May 21, 2019).

Plaintiffs appreciate Defendants' acknowledgment that the equities here weigh decisively against enforcement of the Final Rule on July 22, 2019, and Plaintiffs are sensitive to Defendants' request for additional time to brief their position on the pending motions for preliminary injunction. With regard to that request, Plaintiffs would consent to a stipulated order that preserves the status quo to allow Defendants more time to respond to those motions. But Defendants' proposal—based on a representation through counsel of the agency's intent to delay enforcement of the Final Rule for four months following its effective date—should be rejected because it does not preserve the status quo as would a preliminary injunction, and therefore it does not protect Plaintiffs from irreparable harm upon the Final Rule's effective date. In addition, Defendants' proposed schedule for summary judgment briefing is unworkable and prejudicial, and should be rejected.

Plaintiffs therefore respectfully request that the Court (1) deny without prejudice Defendants' request to continue the deadlines for Plaintiffs' motions for preliminary injunction; (2) deny Defendants' request to set their proposed schedule for cross-motions for summary judgment briefing; and (3) as necessary, schedule a status conference at the Court's earliest convenience to discuss the most efficient way to resolve these challenges.

*1.* The deadlines for preliminary injunction briefing and argument set by the Court, Dkt. 38, should not be adjourned absent a stipulated order or other measure that fully preserves the status quo. Plaintiffs have briefed in detail the irreparable injury they will face immediately upon the effective date of the Final Rule. *See* 19 Civ. 4676, Dkt. 45, at 9-23; 19 Civ. 5433, Dkt. 20, at 42-50; 19 Civ. 5435, Dkt. 26, at 42-50. The *State of New York* Plaintiffs, for example, explained that they will be harmed through (a) the forced choice of complying with a potentially unlawful regulation or risking the loss of federal health care funds; (b) harms to Plaintiffs' health institutions and their direct delivery of care; and (c) interference with Plaintiffs' administration

of their insurance laws.  *See* Dkt. 45, at 9-23.  Defendants' delay of enforcement would seemingly address only one of the threats of imminent harm Plaintiffs face—namely, the risk that federal health care funds will be terminated for noncompliance with the Final Rule.  But because the Final Rule will be in effect, all of the other injuries that Plaintiffs (including their affiliates, members, institutions, patients, and residents) will face—the likelihood of increased denials of care, interference with the provider-patient relationship, decreased insurance coverage, and other harms—will still accrue.

Defendants' motion and the accompanying representation from counsel provide the Court and Plaintiffs with no details regarding the contours of Defendants' proposed delay of enforcement.  For example, between July 22 and November 22, 2019, it is not clear whether HHS's Office for Civil Rights ("OCR") will accept complaints under the Final Rule; whether OCR will commence complaint investigations and merely delay taking action based on such investigations; or whether HHS and OCR will take no action at all with respect to the Final Rule.  In a meet-and-confer with Defendants' counsel yesterday (after Plaintiffs were first advised of Defendants' intended approach, *see* Ex. 1 at 1), Plaintiffs requested additional detail regarding what "delayed enforcement" would mean, but Defendants were unable to provide any information.  And Defendants' current position is a significant departure from the representation they made to the parties last week: that HHS had decided to publish a new rule delaying the effective date of the Final Rule from July 22 to November 22, 2019.  *See* Ex. 1 at 3, 6.  Defendants' last-minute change in position—combined with the refusal or inability to describe what a delay of enforcement would entail—strongly suggest a substantive difference between counsel's representation that the agency will "delay enforcement," Dkt. 79, and Defendants' earlier representation that they intended to publish a rule delaying the Final Rule's effective date.

So, under Defendants' proposed approach, the Final Rule will still take effect on July 22, 2019.  Accordingly, on that date, an employee at one of Plaintiffs' institutions could assert her new refusal rights under the Final Rule, and that assertion of rights would arguably be completely lawful under the rule, because it will have taken effect.  Whether Defendants are prepared to *enforce* the rule seemingly affects only whether Plaintiffs face financial sanction for noncompliance with the Final Rule's requirements, but does not stem the many other irreparable injuries Plaintiffs will face.

As noted, Plaintiffs are prepared to consent to a stipulated order that *would* fully preserve the status quo.  *See* Ex. 1.  Defendants could, for example, consent to a temporary restraining order that would enjoin Defendants from enforcing, applying, or taking any action to implement the Final Rule until the pending motions for preliminary injunction are resolved.  Defendants in fact agreed to a similar approach in a different case earlier this year.  *See* Temporary Restraining Order and Scheduling Order, *DeOtte v. Azar*, No. 4:18-cv-825 (N.D. Tex. Feb. 20, 2019), Dkt. 29 (Ex. 2).  In the alternative, Defendants could stipulate to entry of an order from the Court that postpones the effective date of the Final Rule under 5 U.S.C. § 705 pending judicial review.  Plaintiffs proposed both of these options to Defendants, but Defendants rejected each approach.

Until a preliminary injunction, stipulated order, or other mechanism that preserves the status quo is effectuated, any adjournment of the current briefing schedule would prejudice Plaintiffs by exposing them to the very harms they are seeking a preliminary injunction to avert.

*2.* The Court should also reject Defendants' proposed schedule for summary judgment briefing because it does not allow the parties sufficient time to brief, or the Court to consider, the merits of Plaintiffs' challenges in a case of this size and complexity.

Defendants propose that they provide the Administrative Record ("A.R.") by July 22, 2019; that they move for summary judgment 45 days later, by September 5; and that Plaintiffs file their opposition to Defendants' motion for summary judgment and cross-move for summary judgment approximately three weeks after that, by September 27. These deadlines are unworkable and would prejudice Plaintiffs. First, although Defendants repeatedly stated on the parties' meet-and-confer calls that they are unable to provide Plaintiffs with the anticipated size of the A.R., Plaintiffs understand that, at minimum, it will include the more than 200,000 public comments filed during the notice-and-comment period, *see* 84 Fed. Reg. at 23,180, as well as any yet-to-be disclosed studies, reports, or economic analyses the agency considered in preparing the Final Rule. Defendants' proposed schedule allows insufficient time to digest an A.R. of that size, *and* at the same time brief the merits of Plaintiffs' summary judgment motions and opposition to Defendants' motions. All the more so given that, in the normal course, Plaintiffs could assess the A.R. before negotiating a summary judgment briefing schedule.

Second, Defendants' proposed schedule includes virtually no allowance for the possibility that Defendants will produce a deficient A.R. In at least four lawsuits challenging federal agency action in just the past eighteen months, the agency has produced a deficient record that required court-ordered completion. *See In re Nielsen*, No. 17-3345, slip op. at 2-3 (2d Cir. Dec. 27, 2017) (order denying mandamus petition) (Ex. 3); *Washington v. U.S. Dep't of State*, No. 18-cv-1115, 2019 WL 1254876, at *1-4 (W.D. Wash. Mar. 19, 2019); *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 529 (S.D.N.Y. 2019); Minute Order, *Saget v. Trump*, No. 18-cv-1599 (WFK) (E.D.N.Y. Aug. 27, 2018) (Ex. 4). That is so even though "an agency's designation of the administrative record is generally afforded a presumption of regularity," and that "[s]upplementation of the record as designated by the agency is, thus, the exception, not the rule." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) (Engelmayer, J.). Plaintiffs do not presume that the A.R. Defendants will produce will be incomplete, but the truncated schedule Defendants have proposed—with the Final Rule in effect and the end of HHS's delay of enforcement looming—would prevent any meaningful consideration of the issue by Plaintiffs or the Court.

In contrast to the prejudicial schedule that Defendants have proposed, Plaintiffs proposed a modified briefing schedule that would allow for summary judgment motions practice on a more realistic—yet still expedited—timeline. *See* Ex. 1, at 2. Defendants rejected Plaintiffs' proposal.

*3.* If the Court is inclined to adjourn the preliminary injunction briefing deadlines or set a summary judgment briefing schedule, Plaintiffs request a status conference beforehand at the Court's earliest convenience to discuss the most efficient way to resolve the merits while protecting Plaintiffs from irreparable injury in the interim.

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Matthew Colangelo*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Justin Deabler, *Assistant Attorney General*
Brooke Tucker, *Assistant Attorney General*
Amanda Meyer, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

Diana Salgado (*pro hac vice*)
Planned Parenthood Federation of America, Inc.
1110 Vermont Ave., NW Ste. 300
Washington, D.C. 20005
Tel.: (202) 973-4800
Fax: (202) 296-3480
diana.salgado@ppfa.org

Hana Bajramovic
Planned Parenthood Federation of America, Inc.
123 William St., 9th Floor
New York, NY 10038
Tel.: (212) 541-7800
Fax: (212) 247-6811
hana.bajramovic@ppfa.org

Michelle Banker
Sunu Chandy*
National Women's Law Center
11 Dupont Circle, NW #800
Washington DC 20036
Tel: (202) 588-5180
Fax: (202) 588-5185
mbanker@nwlc.org
schandy@nwlc.org

Sarah Mac Dougall
Cristina Alvarez*
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
Fax: (212) 841-1010
smacdougall@cov.com
calvarez@cov.com

Kurt G. Calia*
Marina Dalia-Hunt*
Covington & Burling LLP
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA 94306-2112
Tel: (650) 632-4717
Fax: (650) 632-4800
kcalia@cov.com
mdaliahunt@cov.com

Ryan Weinstein*
Paulina Slagter*
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Tel: (424) 332-4800

Adam Grogg*
Robin F. Thurston*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
agrogg@democracyforward.org
rthurston@democracyforward.org
*  Pro hac vice motion forthcoming

Attorneys for the *PPFA* Plaintiffs

Alexa Kolbi-Molinas
Lindsey Kaley
Elizabeth Deutsch*
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2633
Fax: (212) 549-2652
akolbi-molinas@aclu.org
lkaley@aclu.org
edeutsch@aclu.org
bamiri@aclu.org

Daniel Mach**
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Phone: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

* Application for admission forthcoming
**Pro hac vice motion forthcoming

Attorneys for the *NFPRHA* Plaintiffs

Fax: (424) 332-4749
rweinstein@cov.com
pslagter@cov.com

* *Pro hac vice* motion forthcoming

Attorneys for the *PPFA* Plaintiffs

Christopher Dunn
Erin Beth Harrist
Donna Lieberman
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-2298
cdunn@nyclu.org
eharrist@nyclu.org
dlieberman@nyclu.org

Elizabeth O. Gill**
American Civil Liberties Union Foundation of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 621-2493
Fax: (415) 255-8437
egill@aclunc.org

* Application for admission forthcoming
**Pro hac vice motion forthcoming

Attorneys for the *NFPRHA* Plaintiffs