# Exhibit 1

| **From:** | Colangelo, Matthew |
|---|---|
| **Sent:** | Wednesday, June 26, 2019 4:49 PM |
| **To:** | Humphreys, Bradley (CIV); Adam Grogg; Takemoto, Benjamin (CIV); Kopplin, Rebecca M. (CIV); Meyer, Amanda; Brigitte Amiri (bamiri@aclu.org); Alexa Kolbi-Molinas (akolbi-molinas@aclu.org); Salgado, Diana (diana.salgado@ppfa.org); Deabler, Justin; Tucker, Brooke |
| **Subject:** | RE: New York, et al. v. U.S. Department of Health & Human Services, et al., 19-cv-4676 |

Counsel,
Thank you for your time on the parties' meet-and-confer discussion this afternoon. Based on the information you have been able to provide regarding Defendants' nonenforcement proposal, Plaintiffs in these consolidated cases oppose your proposed summary judgment briefing schedule, and oppose your proposal to vacate the current briefing and hearing schedule for Plaintiffs' motions for preliminary injunction. If you receive additional information regarding your client's intended approach in response to the questions we raised when we spoke, we are of course happy to revisit this position.
Thank you,
Matthew

---

**From:** Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov>
**Sent:** Wednesday, June 26, 2019 10:24 AM
**To:** Adam Grogg <agrogg@democracyforward.org>; Takemoto, Benjamin (CIV) <Benjamin.Takemoto@usdoj.gov>; Kopplin, Rebecca M. (CIV) <Rebecca.M.Kopplin@usdoj.gov>
**Cc:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Meyer, Amanda <Amanda.Meyer@ag.ny.gov>; Brigitte Amiri (bamiri@aclu.org) <bamiri@aclu.org>; Alexa Kolbi-Molinas (akolbi-molinas@aclu.org) <akolbi-molinas@aclu.org>; Salgado, Diana (diana.salgado@ppfa.org) <diana.salgado@ppfa.org>; Deabler, Justin <Justin.Deabler@ag.ny.gov>; Tucker, Brooke <Brooke.Tucker@ag.ny.gov>
**Subject:** RE: New York, et al. v. U.S. Department of Health & Human Services, et al., 19-cv-4676

All –

After further deliberations, HHS no longer intends to delay the effective date of the rule with a notice in the Federal Register. HHS will, however, delay any enforcement of the Rule until November 22, 2019. We intend to file a motion this afternoon asking the Court to enter the following briefing schedule (which is largely similar to our initial proposal, except the order of summary judgment motions is switched):

- July 22, 2019: HHS lodges the administrative record.
- September 5, 2019: Defendants file their motion for summary judgment.
- September 27, 2019: Plaintiff files its opposition to Defendants' motion for summary judgment (and cross-motion for summary judgment, if any).
- October 11, 2019: Defendants file their reply (and opposition, if any).
- October 25, 2019: Plaintiff files its reply in support of its motion for summary judgment, if any.

In the alternative, if the Court rejects that proposal, we will be asking for an extension of the PI opposition deadline until July 31.

Based on your earlier response, I understand that Plaintiffs opposes our request, but I wanted to let you know nonetheless about the modification to our prior representation. We plan to file later this afternoon, and, unless we hear differently from you, we'll indicate that Plaintiffs oppose our motion.

Thanks,
Brad

**From:** Adam Grogg <agrogg@democracyforward.org>
**Sent:** Friday, June 21, 2019 11:29 AM
**To:** Takemoto, Benjamin (CIV) <btakemot@CIV.USDOJ.GOV>; Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>
**Cc:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Meyer, Amanda <Amanda.Meyer@ag.ny.gov>; Brigitte Amiri (bamiri@aclu.org) <bamiri@aclu.org>; Alexa Kolbi-Molinas (akolbi-molinas@aclu.org) <akolbi-molinas@aclu.org>; Salgado, Diana (diana.salgado@ppfa.org) <diana.salgado@ppfa.org>; Deabler, Justin <Justin.Deabler@ag.ny.gov>; Tucker, Brooke <Brooke.Tucker@ag.ny.gov>
**Subject:** Re: New York, et al. v. U.S. Department of Health & Human Services, et al., 19-cv-4676

Ben and Brad,

For all the reasons we have previously explained, including in our email yesterday, we are unable to consent to Defendants' revised proposal.

The most recent schedule you have proposed, which would require that summary judgment motions be fully briefed, argued, and decided by Nov. 22, is simply not workable and would severely prejudice Plaintiffs. The additional three weeks in your latest proposal are not sufficient; indeed, under this new proposal the government would be providing the administrative record one week later than in your previous proposal. In addition, your schedule would leave Plaintiffs only two weeks to simultaneously oppose your motion for summary judgment and file a reply in support of our own motion. We cannot agree to such an arbitrary and prejudicial schedule when preliminary injunctive relief would allow the parties -- and the Court -- a reasonable amount of time to resolve this case on the merits. As we have stated previously, we are particularly unable to agree to the truncated schedule you have proposed when we have not even seen the administrative record, but know that it is over 200,000 pages.

We are willing, however, to offer the following counter-proposal:

July 22, 2019 – Defendants produce the administrative record

Oct. 1, 2019 – Plaintiffs move for summary judgment

Nov. 1, 2019 – Defendants oppose and cross-move

Dec. 2, 2019 – Plaintiffs file their reply and opposition

Dec. 20, 2019 – Defendants file their reply

Month of Jan. 2020 or at the Court's convenience – argument on cross-motions

Feb. 15, 2020 – Rule's delayed effective date

If the above is not agreeable to Defendants, we will contest Defendants' motion to set the summary judgment briefing schedule you have proposed.

Brad, your email from yesterday stated that if the Court does not adopt Defendants' proposed summary judgment schedule, you will seek, in the alternative, an extension of time to respond to Plaintiffs' preliminary injunction motions until July 31, 2019. At present, however, the rule's effective date is July 22, 2019, and so until the delay that you indicate is forthcoming takes effect, we are not in a position to agree. However, once the rule's effective date is delayed through Nov. 22, 2019, we certainly anticipate that we will be able to agree to an extended schedule for briefing the preliminary injunction motions.

All my best,
Adam

—
Adam Grogg
Senior Counsel, [Democracy Forward Foundation](#)
[agrogg@democracyforward.org](#) | (202) 701-1790

NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

On Thu, Jun 20, 2019 at 10:01 PM Takemoto, Benjamin (CIV) <[Benjamin.Takemoto@usdoj.gov](#)> wrote:

> Matthew,
>
> We reject your counter-proposal, but HHS is willing to delay the effective date of the rule until November 22, 2019. And, in light of the new effective date, we propose the following schedule:
>
> - HHS will provide the administrative record by July 22, 2019.
> - Plaintiffs' motion for summary judgment by September 5, 2019.
> - Defendants' oppositions and cross motions by September 27, 2019.
> - Plaintiffs' reply and opposition by October 11, 2019.
> - Defendants' reply by October 25, 2019.
>
> Regarding your question about authority, HHS will issue the notice pursuant to section 553(b)(3)(B); there is good cause to waive the normal rulemaking requirements in light of the imminent PI briefing schedule and the attendant difficulty in implementing the Rule.

And last, we reject your proposed stipulation to delay implementation of the rule pending judicial review.

Ben

--

Benjamin T. Takemoto

Trial Attorney

U.S. Department of Justice, Civil Division, Federal Programs Branch

P.O. Box 883, Ben Franklin Station, Washington, DC 20044

Tel: (202) 532-4252 / Fax: (202) 616-8460

The information in this e-mail, including any attachments, is intended only for any recipients listed above. It may contain information that is privileged or confidential. Any review, use, distribution, or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this e-mail in error, please notify me immediately and destroy all copies of it. I appreciate your cooperation.

---

**From:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>
**Sent:** Thursday, June 20, 2019 5:09 PM
**To:** Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>; Meyer, Amanda <Amanda.Meyer@ag.ny.gov>; Brigitte Amiri (bamiri@aclu.org) <bamiri@aclu.org>; Alexa Kolbi-Molinas (akolbi-molinas@aclu.org) <akolbi-molinas@aclu.org>; Salgado, Diana (diana.salgado@ppfa.org) <diana.salgado@ppfa.org>; Adam Grogg (agrogg@democracyforward.org) <agrogg@democracyforward.org>; Deabler, Justin <Justin.Deabler@ag.ny.gov>; Tucker, Brooke <Brooke.Tucker@ag.ny.gov>; Takemoto, Benjamin (CIV) <btakemot@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>
**Subject:** RE: New York, et al. v. U.S. Department of Health & Human Services, et al., 19-cv-4676

Brad,

We take it this moots your colleague Rebecca's request this morning that we provide our alternative proposed schedule, but in the event that assumption is incorrect, following is a proposed schedule that we think is a more reasonable timeline for briefing cross-motions for summary judgment in a case of this size and complexity:

July 15, 2019 - HHS produces the administrative record

Oct. 15, 2019 – Plaintiffs file the Motion for Summary Judgment

Nov. 26, 2019 – Defendants file their Opposition and Cross-motion for Summary Judgment

Jan. 7, 2020 – Plaintiffs file their Reply and Opposition

Jan. 28, 2020 – Defendants file their Reply

Month of February or March at the Court's convenience – argument on cross-motions

Mar. 31, 2020 – Delayed effective date

Given the different messages we have heard from DOJ on this question in the past few hours, we'd appreciate confirmation that you are now saying there is no room to negotiate any proposed schedule other than the one set out in your original message. As we explained this morning, we think an October 31 effective date does not give the parties or the Court sufficient time to brief summary judgment and consider the large administrative record here, which we understand includes, at a minimum, more than 200,000 comments. Plaintiffs' proposal more reasonably allows for that review. In the normal course, we would agree on a reasonable summary judgment schedule *after* reviewing the AR. In light of the uncertainty given that we haven't seen the AR here, we believe this would be a more reasonable schedule—and, in any event, that October 31 is not.

We also asked your colleagues this morning what additional information your client could provide regarding the authority for the delay you intend to announce. Your message below does not answer that question. As we discussed on our call, the Plaintiffs can't assess whether our interests will be adequately protected by an agency delay notice absent a preliminary injunction, including in the event your delay notice is challenged by third parties. Rebecca told us this morning she would convey our request for additional information to your client. Has that request been conveyed, and are you authorized to communicate the basis for the intended delay?

We separately asked your colleagues this morning if your client would instead consider presenting the Court with a joint stipulation to postpone the effective date of the Final Rule under 5 U.S.C. 705 pending judicial review. Are you rejecting that request?

We can better assess and respond to your new questions below if you are able to answer the questions we discussed with your colleagues on the phone earlier today.

Thank you,

Matthew

**From:** Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov>
**Sent:** Thursday, June 20, 2019 4:13 PM
**To:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Meyer, Amanda <Amanda.Meyer@ag.ny.gov>; Brigitte Amiri (bamiri@aclu.org) <bamiri@aclu.org>; Alexa Kolbi-Molinas (akolbi-molinas@aclu.org) <akolbi-molinas@aclu.org>; Salgado, Diana (diana.salgado@ppfa.org) <diana.salgado@ppfa.org>; Adam Grogg (agrogg@democracyforward.org) <agrogg@democracyforward.org>; Deabler, Justin <Justin.Deabler@ag.ny.gov>; Tucker, Brooke <Brooke.Tucker@ag.ny.gov>; Takemoto, Benjamin (CIV) <Benjamin.Takemoto@usdoj.gov>; Kopplin, Rebecca M. (CIV) <Rebecca.M.Kopplin@usdoj.gov>
**Subject:** RE: New York, et al. v. U.S. Department of Health & Human Services, et al., 19-cv-4676

All –

Thanks for taking the time to talk through our proposal this afternoon, and I'm sorry I wasn't able to make the call. I understand Plaintiffs are concerned about the timing. The government, however, is not willing to delay the effective date of the Rule beyond October 31. I suspect that means we're at an impasse, but we'd ask that you give us your definitive position on our initial proposal by noon tomorrow.

Regardless of Plaintiffs' position, HHS intends to file a notice in the Federal Register delaying the effective date of the Rule until October 31.

If Plaintiffs do not consent to Defendants' proposal, Defendants intend to file a contested motion requesting that the Court deny Plaintiffs' motion for a preliminary injunction without prejudice in light of the delayed effective date and set briefing for cross motions for summary judgment according to the schedule we proposed in our email from Monday, with the view that this will permit the Court to rule on those motions before the new effective date.

If the Court does not adopt the requested MSJ schedule, Defendants will seek, in the alternative, an extension of time to respond to the preliminary injunction motion until July 31, 2019, at which point Defendants may also move for summary judgment. If Plaintiffs do not consent to the proposed summary judgment briefing schedule, would you please let us know Plaintiffs' position regarding this alternative request for an extension of the preliminary injunction opposition deadline by noon this Friday as well? We would hope that, in light of Defendants' extension of the effective date of the Rule, Plaintiffs would have no objection to our request for an extension of that deadline.

Thank you,

Brad

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.