July 10, 2019

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, NY 10007

> RE:   Joint letter regarding scheduling in *State of New York v. U.S. Dep't of Health & Human Servs.*, 19 Civ. 4676 (PAE) (consolidated with 19 Civ. 5433 (PAE) and 19 Civ. 5435 (PAE)).

Dear Judge Engelmayer,

As directed by the Court, Dkt. 91, the parties have met and conferred with the goals of (1) proposing a briefing schedule on plaintiffs' preliminary injunction motions, and (2) exploring whether a viable schedule can be agreed to that would permit the legality of HHS's Final Rule to be resolved instead on motions or cross-motions for summary judgment.

The *State of New York* Plaintiffs filed their motion for preliminary injunction on June 14, 2019, see Dkt. 41, 43, 44, 45; and the *Planned Parenthood / National Family Planning & Reproductive Health Association* Plaintiffs filed their joint motion for preliminary injunction on June 17, 2019, *see* 19 Civ. 5433, Dkt. 19, 20, 21.  On July 1, 2019, the Court entered an agreed-upon Order that postponed the effective date of the Final Rule pursuant to 5 U.S.C. § 705 until November 22, 2019 and that suspended the deadlines for briefing and argument of the Plaintiffs' motions for preliminary injunction pending further order of the Court.  Dkt. 90.

The parties present the following alternative schedules for the Court's consideration:

**Plaintiffs** propose that briefing of the preliminary injunction motions proceed on the following schedule: Defendants will file their opposition by August 2, 2019; Plaintiffs will file their replies by August 30, 2019; and the parties will be available for argument on the motions at the Court's convenience.

In the alternative, if the Court is amenable to resolving these matters on summary judgment before the November 22, 2019 effective date of the Final Rule, Plaintiffs propose the following schedule for summary judgment motions (including deadlines for the submission of amicus briefs, *see* Dkt. 95):

| | |
|---|---|
| July 22, 2019 | Defendants produce the administrative record ("A.R.") to Plaintiffs and file a certified list of the contents of the A.R. with the Court. |
| August 2, 2019 | Defendants file their motion for summary judgment. |
| August 9, 2019 | Amicus briefs supporting Defendants will be filed. |
| September 12, 2019 | Plaintiffs file their oppositions and cross-motions for summary judgment. |

September 19, 2019     Amicus briefs supporting Plaintiffs will be filed.

September 26, 2019     Defendants file their reply and opposition.

October 10, 2019       Plaintiffs file their replies.

Plaintiffs believe these dates are mindful of "the Court's interest in having sufficient time, following the completion of briefing," to hold argument and resolve the important and complex questions presented in these matters, Dkt. 91, while avoiding the prejudicial and compressed deadlines Defendants have proposed for Plaintiffs' oppositions and cross-motions. In addition, because Defendants already have the A.R.—and have had access to Plaintiffs' motions for a preliminary injunction, including Plaintiffs' arguments for likelihood of success on the merits, since mid-June—Defendants' proposal that they not be required to file any dispositive motion before September or late August, while requiring Plaintiffs to oppose and cross-move for summary judgment within three weeks, is unreasonable.  Because Defendants selected the arbitrary November 22 effective date and are unwilling to move it, it is likewise unreasonable for them to propose that the burden of briefing the merits of this case (without the benefit of an injunction to maintain the status quo) under such an expedited schedule fall disproportionately on Plaintiffs.  Plaintiffs further believe Defendants' October 24 deadline for the conclusion of briefing gives the Court insufficient time to hear argument and issue a decision on multiple dispositive motions prior to the Final Rule's November 22 effective date.

Plaintiffs ask that the Court reserve judgment on Defendants' request that Plaintiffs file a single consolidated memorandum of law for all Plaintiffs in these consolidated actions.  Plaintiffs will endeavor to minimize duplication and will confer to determine if consolidated memoranda are feasible, but because some of the parties' legal claims are distinct—including some that are specific to the governmental entities—Plaintiffs are not able to determine *ex ante* if consolidated briefing (on the 55-page limit Defendants propose) is workable.  If the Court does determine to order consolidated briefing at this point, Plaintiffs ask that their page limit for their opening memorandum of law be extended to 75 pages.

In **Defendants'** view, a preliminary injunction briefing schedule is unnecessary because under either party's proposed summary judgment briefing schedule, the Court would have sufficient time to resolve the merits before the Final Rule's new effective date of November 22, 2019. Therefore, submitting preliminary injunction briefs would waste the parties' and the Court's time and resources. If the Court finds it necessary to issue a preliminary injunction briefing schedule, Defendants propose that the Court issue one deadline for Defendants' dispositive motion and preliminary injunction opposition and another deadline for Plaintiffs' cross-dispositive motion and preliminary injunction reply.

Although either parties' summary judgment schedule would provide the Court with sufficient time to rule before the Final Rule's effective date, Defendants do not believe that Plaintiffs' proposed summary judgment schedule is equitable. Plaintiffs' proposed schedule gives Defendants less than two weeks to file each of their briefs (after the AR is produced and Plaintiffs' opening brief is filed) but gives Plaintiffs six weeks to file their opening brief after Defendants file their opening brief.  Plaintiffs assert that Defendants "already have the A.R.," but that is not accurate.  Defendants are currently in the process of assembling the A.R. and the

parties have already agreed that Defendants will have until July 22, 2019 to assemble and produce the A.R.  Defendants thus propose the following more equitable summary judgment schedule:

| | |
|---|---|
| July 22, 2019 | Defendants produce the A.R. to Plaintiffs and file a certified list of the contents of the A.R. with the Court. |
| September 5, 2019 | Defendants file their motion to dismiss or, in the alternative, for summary judgment.  (If the Court determines that the parties should also brief Plaintiffs' motions for preliminary injunction, Defendants shall combine their preliminary injunction opposition with this brief.) |
| September 12, 2019 | Amicus briefs supporting Defendants will be filed. |
| September 26, 2019 | Plaintiffs file a single, consolidated opposition and cross-motion for summary judgment.  (If the Court determines that the parties should also brief Plaintiffs' motions for preliminary injunction, Plaintiffs shall combine their preliminary injunction reply with this brief.) |
| October 3, 2019 | Amicus briefs supporting Plaintiffs will be filed. |
| October 10, 2019 | Defendants file their reply and opposition. |
| October 24, 2019 | Plaintiffs file a single, consolidated reply. |

In the alternative, Defendants request that the Court enter the same schedule that the U.S. District Court for the Northern District of California entered in several related cases that also involve challenges to the Final Rule:

| | |
|---|---|
| July 22, 2019 | Defendants produce the A.R. to Plaintiffs and file a certified list of the contents of the A.R. with the Court. |
| August 21, 2019 | Defendants file their motion to dismiss or, in the alternative, for summary judgment (as well as their preliminary injunction opposition if required by the Court). |
| August 28, 2019 | Amicus briefs supporting Defendants will be filed (not included in N.D. Cal. order). |
| September 12, 2019 | Plaintiffs file a single, consolidated opposition and cross-motion for summary judgment (as well as their preliminary injunction reply if required by the Court). |
| September 19, 2019 | Amicus briefs supporting Plaintiffs will be filed (not included in N.D. Cal. order). |

September 26, 2019   Defendants file their reply and opposition.

October 10, 2019   Plaintiffs file a single, consolidated reply.

Regardless of which schedule the Court enters, Defendants believe that it would be more efficient and reasonable for Plaintiffs to file a single, consolidated summary judgment brief and a single, consolidated reply brief. Plaintiffs have overlapping claims and arguments. As the Court has already reasoned when ordering that these cases be consolidated, "Plaintiffs in each case challenge the rule under the Administrative Procedure Act as arbitrary and capricious and contrary to law" and "[e]ach case involves largely the same facts, including the identical administrative record of the rule at issue." ECF No. 70. Filing separate briefs that raise the same arguments would be duplicative, burdening the Court and Defendants with excessive pages. And, to the extent that Plaintiffs "endeavor to minimize duplication" and address different issues in each of their three 55-page briefs, they would essentially receive a threefold page extension, which would prejudice Defendants and would burden the Court. Notably, the U.S. District Court for the Northern District of California in the aforementioned cases has ordered that the plaintiffs file a single, consolidated summary judgment brief and a single, consolidated reply brief. *See* Order re Stipulated Request & Briefing Schedule, *City & Cty. of San Francisco v. Azar*, No. 19-2405 (N.D. Cal. July 1, 2019), ECF No. 66.

In addition, Defendants request that the Court should apply the same 55-page limit to both parties' opening summary judgment briefs that it applied to the opening preliminary injunction briefs.

Last, as contemplated by Defendants' proposed schedules above, Defendants request that the deadline for their response to the complaint be extended until the deadline for their summary judgment motion, so that Defendants may file a consolidated motion to dismiss or, in the alternative, for summary judgment. Plaintiffs do not oppose this request.

The parties will be available for argument on their summary judgment motions at the Court's convenience.

The parties' proposed summary judgment briefing schedules assume that there are no disputes about the completeness of the A.R. that Defendants produce on July 22.  If Plaintiffs believe the A.R. is deficient or incomplete, they will promptly meet and confer with Defendants to determine whether any adjustments to the summary judgment briefing schedule will be necessary.

If the Court is amenable to deciding these cases on summary judgment prior to November 22, the parties propose that the motions for preliminary injunction continue to be held in abeyance during the Court's consideration of the summary judgment motions, in the event Plaintiffs believe immediate provisional relief becomes necessary before the November 22, 2019 effective date of the Final Rule.

If the Court determines that further consultation would assist it in setting a schedule, *see* Dkt. 91, the parties remain available to attend the conference currently scheduled for Friday, July 12, 2019, at 2:00 p.m. to take up any questions with the Court.

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Matthew Colangelo*
Matthew Colangelo
   *Chief Counsel for Federal Initiatives*
Justin Deabler, *Assistant Attorney General*
Brooke Tucker, *Assistant Attorney General*
Amanda Meyer, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

Diana Salgado (*pro hac vice*)
Planned Parenthood Federation of America, Inc.
1110 Vermont Ave., NW Ste. 300
Washington, D.C. 20005
Tel.:  (202) 973-4800
Fax:  (202) 296-3480
diana.salgado@ppfa.org

Hana Bajramovic
Planned Parenthood Federation of America, Inc.
123 William St., 9th Floor
New York, NY 10038
Tel.:  (212) 541-7800
Fax:  (212) 247-6811
hana.bajramovic@ppfa.org

Michelle Banker
Sunu Chandy
National Women's Law Center
11 Dupont Circle, NW #800
Washington DC 20036
Tel:  (202) 588-5180
Fax:  (202) 588-5185
mbanker@nwlc.org

Sarah Mac Dougall
Cristina Alvarez*
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405
Tel:  (212) 841-1000
Fax:  (212) 841-1010
smacdougall@cov.com
calvarez@cov.com

Kurt G. Calia (*pro hac vice*)
Marina Dalia-Hunt*
Covington & Burling LLP
3000 El Camino Real, 5 Palo Alto Square
Palo Alto, CA 94306-2112
Tel:  (650) 632-4717
Fax:  (650) 632-4800
kcalia@cov.com
mdaliahunt@cov.com

Ryan Weinstein*
Paulina Slagter*
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Tel:  (424) 332-4800

schandy@nwlc.org

Adam Grogg (*pro hac vice*)
Robin F. Thurston*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Tel:  (202) 448-9090
agrogg@democracyforward.org
rthurston@democracyforward.org


* *Pro hac vice* motion forthcoming

Attorneys for the *PPFA* Plaintiffs

Alexa Kolbi-Molinas
Lindsey Kaley
Elizabeth Deutsch*
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2633
Fax: (212) 549-2652
akolbi-molinas@aclu.org
lkaley@aclu.org
edeutsch@aclu.org
bamiri@aclu.org

Daniel Mach**
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Phone: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

* Application for admission forthcoming
***Pro hac vice* motion forthcoming

Attorneys for the *NFPRHA* Plaintiffs

JOSEPH H. HUNT
Assistant Attorney General


MICHELLE BENNETT

Fax:  (424) 332-4749
rweinstein@cov.com
pslagter@cov.com

* *Pro hac vice* motion forthcoming

Attorneys for the *PPFA* Plaintiffs

Christopher Dunn
Erin Beth Harrist
Donna Lieberman
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-2298
cdunn@nyclu.org
eharrist@nyclu.org
dlieberman@nyclu.org

Elizabeth O. Gill**
American Civil Liberties Union Foundation
of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 621-2493
Fax: (415) 255-8437
egill@aclunc.org

* Application for admission forthcoming
***Pro hac vice* motion forthcoming

Attorneys for the *NFPRHA* Plaintiffs

Assistant Branch Director
Civil Division

/s/ *Benjamin T. Takemoto*
BRADLEY P. HUMPHREYS
(DC Bar # 988057)
REBECCA M. KOPPLIN
(CA Bar # 313970)
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*