# Exhibit 135

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 19 Civ. 4676 (PAE) (lead) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | 19 Civ. 5433 (PAE) (consolidated) 19 Civ. 5435 (PAE) (consolidated) |
| Defendants. | |

## <u>DECLARATION OF KRISTEN MILLER</u>

I, Kristen Miller, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Cross-Motion for Summary Judgment, the Opposition to Defendants' Motion to Dismiss or For Summary Judgment, and the Reply in Support of the Motion for Preliminary Injunction in the above-captioned case, which challenges a final rule promulgated by the U.S. Department for Health and Human Services ("HHS"), *Protecting Statutory Conscience Rights in Health Care*, 84 Fed. Reg. 23,170 (May 21, 2019).

2.      The facts set forth in this declaration are based on my personal knowledge.  If I am called as a witness in these proceedings, I could and would testify competently to these facts.

3.      I am Counsel at Democracy Forward Foundation and currently represent Planned Parenthood Federation of America on behalf of its affiliates, including Planned Parenthood of Northern New England, in this case.  In that position, I have worked with other counsel for

Plaintiffs to review the administrative record produced by HHS and certified as complete by its counsel.

**First Record Production**

4.      The current administrative record consists of two productions.  HHS and its counsel made an initial production on July 22, 2019, accompanied by a certification that the initial production comprised the complete record.[1]  As detailed in Plaintiffs' August 15, 2019 Motion to Compel Completion of the Record, the initial production was incomplete, notwithstanding Defendants' first certification.[2]

5.      In addition to missing various documents, Defendants' first production did not permit Plaintiffs to determine whether it contained all of the complaints that the Final Rule asserts were received by HHS's Office of Civil Rights ("OCR").[3]  As explained in Plaintiffs' motion, this was because Defendants "produce[d] the list of complaints [they] claim[ed] to have considered by complaint number . . . but . . . produc[ed] the underlying complaints themselves with missing or redacted complaint numbers . . . making it impossible for plaintiffs to determine that the complaints included in the A.R. match[ed] the complaints listed on the index."[4]  The original index for the record and list of complaints produced by Defendants are attached hereto as Exhibits A and B.  Plaintiffs' review was further hindered by the Final Rule's confusing characterization of the number of complaints it received—*i.e.*, that OCR received 34 complaints between November 2016

---

[1] Defs.' Certification of the Administrative Record, ECF No. 132-2.
[2] Pls.' Joint Letter Mot. to Compel Completion of the Record, ECF No. 157.
[3] *Id.* at 3 n.1.
[4] *Id.*; *see also* Ex. A at 6 (HHS's original index of the record); Ex. B (HHS's original list of complaints).

(after the election) and January 2018,[5] and 343 during fiscal year 2018.[6]  Because these two periods of time overlap (with the first period ending sometime in January 2018 and the second period beginning on October 1, 2017),[7] Plaintiffs inferred, but were unable to confirm, that some number of the 34 complaints were also counted in the 343 complaints the agency claimed to receive in fiscal year 2018.

6.     Also adding to Plaintiffs' difficulty was that the record contained a substantial number of non-complaint documents that were intermingled with the actual complaints.  While it appeared that these documents were, in some way, *related* to the complaints, Plaintiffs were unable to discern which non-complaint documents were associated with which complaints.  And in some instances, it was difficult to tell whether a given document was a complaint, or merely a document that was related in some way to a complaint.[8]  In sum, Plaintiffs were faced with more than 700 documents, *see* Ex. A at 6 (noting complaints at AR bates range 541798 to 546163), with no means of determining which of these documents were the 34 complaints that HHS purportedly received between the November 2016 election and January 2018, which were the 343 that HHS purportedly received in fiscal year 2018, and which were merely supporting documents.

---

[5] *See* 83 Fed. Reg. at 3886 (stating that OCR received thirty-four complaints "since the November 2016 election"); *id.* at 3887 ("OCR has received thirty-four complaints between November 2016 and *mid*-January 2018.").

[6] 84 Fed. Reg. at 23,229.

[7] The federal government's fiscal year goes from October 1 to September 30 of the following year; thus, FY 2018 covers October 1, 2017 – September 30, 2018. https://www.usa.gov/budget.

[8] *See, e.g.*, AR 542217 (letter addressed to the President alleging discrimination based on letter-writer's religious beliefs regarding vaccinations).

7.     Despite repeated attempts to get clarification on these documents, Plaintiffs received no response from Defendants and were forced to file a motion to compel completion of the record.[9]

**Supplemental Record Production**

8.     Following the Court's order to complete the record,[10] Defendants produced approximately 3,800 pages of new material on August 19, 2019.[11]  Among these documents were additional complaints, which Defendants noticed were missing from the initial production while preparing their supplemental production.[12]  Defendants also produced a revised list of OCR complaints and their related documents, attached hereto as Exhibit C.[13]  Listing more than 750 documents from the record (including the new complaints from the supplemental production), the revised list provides each document's AR bates number, the OCR complaint ID number that the document is associated with, and a "description" of the document.  In the description section, the revised list labels approximately 735 documents as "complaint," with the remaining 23 labeled otherwise.[14]

9.     While the revised list is an improvement, it still does not facilitate an efficient review.  For example, the revised list does not provide the date that complaints were filed.  And

---

[9] *See* Pls.' Joint Letter Mot. to Compel Completion of the Record and accompanying Exhibits 3-5.

[10] ECF No. 158.

[11] *See* Defs.' Notice of Filing ECF No. 161.

[12] *See id.*

[13] *See* Defs.' Letter response to Plaintiffs' joint letter motion to compel completion of the Administrative Record and this Court's August 16, 2019 Order, ECF No. 160 at 2 (describing list to be produced on August 19, 2019).  Plaintiffs have separately provided the Court with copies of each of the documents identified in the revised list of complaints.  *See* Declaration of Matthew Colangelo, Dkt. _ (filed Sept. 5, 2019) Ex. 67.

[14] Some documents, for example, are described as "initiation" or "PIMs."  Ex. C (HHS's revised list of OCR complaints).

while it states which complaint ID each document is associated with, it does not distinguish between actual complaints and supporting documents.  Absent that information, it is quite difficult to quickly ascertain how many complaints are in the record.  And without the date each complaint was filed, it is difficult to confirm whether HHS actually received the number of complaints it asserts it received in various time periods, including the 34 complaints that HHS purportedly received between the November 2016 election and January 2018.

**Plaintiffs' Subsequent Review**

10.     To achieve clarity on these issues, and to determine whether the record supports the Final Rule's assertion that there was a "significant increase in complaints . . . alleging violations of the [Refusal Statutes],"[15] including 34 complaints received between November 2016 and January 2018 and 343 complaints received between October 1, 2017 and September 30, 2018,[16] Plaintiffs reviewed all documents listed in HHS's revised list of OCR complaints, which listed more than 750 documents.  The results of this review are presented in Exhibits D - H.

11.     **Exhibit D.**  Plaintiffs' review revealed that HHS's revised list of complaints contained 367 complaints with unique complaint ID numbers, with 9 that predate the November 2016 election and 358 that were received between the November 2016 election and the end of fiscal year 2018.  Exhibit D lists the 358 complaints that were received after the November 2016 election.  It also tracks the date of the complaint, the AR bates number of each *actual* complaint, and the AR bates numbers of documents related to each complaint (which were not consistently produced in a sequential manner).

---

[15] 84 Fed. Reg. at 23,175.
[16] *Id.* at 23,229.

12.     **Exhibit E**.  Plaintiffs' review also revealed that 22 of the 358 complaints listed in Exhibit D were duplicates.  That is, despite having unique complaint ID numbers, these 22 complaints were identical copies of another complaint (not multiple complaints discussing a similar issue or event).  Specifically, there were 21 duplicates of complaint ID 18-316488 (found at AR 544728) and 1 duplicate of complaint ID 18-294058 (found at AR 542627).  The 22 duplicate complaints are listed in Exhibit E.

13.     This means that there are in fact only *336* unique post-2016 election *complaints* in the record (which is different than Defendants' assertion that it relied on 343 complaints in fiscal year 2018 alone).

14.     **Exhibits F - G.**  Plaintiffs also reviewed the substance of each of the 336 unique post-election complaints.  This review revealed that 315 complaints—or 94% of the 336 unique post-election complaints—do not allege violations of the Refusal Statutes.  The results of Plaintiffs' substantive review are shown in Exhibits F and G.

15.     Exhibit F lists 266 complaints that relate to vaccination requirements.  Such complaints—which amount to 79% of the 336 unique post-2016 election complaints—therefore do not allege violations of the Refusal Statutes.  *See* 84 Fed. Reg. at 23181 (responding to comments that the Rule may interfere with vaccination requirements).

16.     Exhibit G lists an additional 49 non-vaccination related complaints that do not allege violations of the Refusal Statutes for other reasons or otherwise cannot be counted as a complaint alleging a violation.  These reasons include:

   a.   The complaint expresses *opposition* to the proposed rule.[17]

---

[17] *See, e.g.,* Ex. G at Row 21; AR 542422.

    b.   The complaint does not allege discrimination/conduct prohibited by the Refusal Statutes.[18]

    c.   The complainant (whether the complaint is brought by the complainant directly, or is represented by a third party) is not a protected entity under the Refusal Statutes.[19]

    d.   The complaint is against an entity that is not regulated by the Refusal Statutes.[20]

    e.   Other (not an actual complaint; complaint based on Title X regulations, addressed by HHS, *see* 84 Fed. Reg. 23,191 n.64.)

17.    Collectively, Exhibits F and G demonstrate that only 21 of the 336 unique complaints Plaintiffs found in the record—6%—even allege conduct that could be potentially covered by the refusal statutes.[21]

18.    **Exhibit H.**  Finally, Plaintiffs also reviewed the complaint-related documents in the record for any evidence regarding whether HHS investigated or resolved any complaints. The results of this review are captured in Exhibit H, which identifies evidence that 14 unique

---

[18] *See, e.g.*, Ex. G at Row 41; AR 544465 – 544473 (individual filed complaint because state attorneys refused to prosecute another person who "continually commits acts of voyeurism" against complainant); Row 40; AR 544399 – 544407 (complaint alleges discrimination based on complainant's sex, race, and mental illness).

[19] *See, e.g.*, Ex. G at Row 22; AR 542627 - 542636 (complaint filed by aspiring entrepreneur because federal agencies forced complainant to remove social media ads for "divine cure for cancer").

[20] *See, e.g.*, Ex. G at Row 21; AR 542607 – 542615 (complaint accuses an unnamed "man" and "other people" of attempting to take complainant's inheritance).

[21] By placing these 21 complaints in this category, Plaintiffs are not conceding that the conduct alleged violates the Refusal Statutes, that the complainants are protected entities under the Refusal Statutes, and/or that the complaints are against entities that are regulated under the Refusal Statutes. These are merely complaints that, based on the allegations contained therein, an agency might investigate further in order to determine whether any violation occurred.

complaints were resolved by the agency.  Only one of those complaints was filed in fiscal year 2018.  Plaintiffs did not find any other evidence in the record regarding whether HHS attempted to investigate and/or resolved any of the other complaints filed in fiscal year 2018.

19.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2019.


             /s/ *Kristen Miller*             
             Kristen Miller