January 9, 2023

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, NY 10007

  RE: Plaintiffs' letter-motion to set the filing deadline for a motion for attorney fees under the Equal Access to Justice Act in *State of New York v. U.S. Dep't of Health & Human Servs.*, 19 Civ. 4676 (PAE) (consolidated with 19 Civ. 5433 (PAE) and 19 Civ. 5435 (PAE))

Dear Judge Engelmayer:

  Pursuant to Rule 3(I) of the Court's Individual Rules and Practices, Plaintiffs jointly file this letter-motion to request that the Court enter an Order setting the filing deadline for Plaintiffs' application for attorney fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] In addition, this Court previously granted Plaintiffs' request to extend the time for filing a bill of costs to the same date Plaintiffs' EAJA application for attorney fees and expenses is due, Dkt. 251, 252, and Plaintiffs respectfully request that the Court continue to keep the deadlines the same.

  On November 6, 2019, this Court granted summary judgment for Plaintiffs. *See* Dkt. 248, 249. Defendants and Intervenors timely appealed, *see* Dkt. 254, 255, and, after briefing was completed, the appeal was held in abeyance pending review of the matter by new leadership at the U.S. Department of Health & Human Services ("HHS"), *New York v. U.S. Dep't of Health and Hum. Servs.*, No. 19-4254, Dkt. 435 (2d Cir. Feb. 5, 2021).

  On December 7, 2022, the parties jointly stipulated, under Federal Rule of Appellate Procedure 42(b)(1) and Second Circuit Local Rule 42.1, to a dismissal of Defendants' and Intervenors' consolidated appeals without prejudice to any party's ability to reinstate one or more

---

[1] This case falls under the EAJA because it is a "civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1); *see also* Fed. R. Civ. P. 54(d)(2)(B) (noting that 14-day time limit for fee motion does not apply when "a statute or a court order provides otherwise").

of the appeals within sixty days after HHS completes the process of revisiting the rule titled Protecting Statutory Conscience Rights in Health Care, 84 Fed. Reg. 23, 170 (May 21, 2019). *New York v. U.S. Dep't of Health and Hum. Servs.*, No. 19-4254, Dkt. 534 (2d Cir. Dec. 7, 2022). On December 8, 2022, the Second Circuit dismissed the consolidated appeals consistent with the stipulated request. *See id.*, Dkt. 540 (2d Cir. Dec. 8, 2022).

On December 29, 2022, Defendant HHS released a Notice of Proposed Rulemaking, titled "Safeguarding the Rights of Conscience as Protected by Federal Statutes," 88 Fed. Reg. 820 (2023), which proposes to rescind, in part, the May 21, 2019, final HHS rule, "Protecting Statutory Conscience Rights in Health Care; Delegations of Authority," which is at issue in the present consolidated cases.

Under the EAJA, Plaintiffs have "thirty days [from the] final judgment in the action" to "submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" under the EAJA is defined as "a judgment that is final and not appealable," 28 U.S.C. § 2412(d)(2)(G), which means an EAJA petition may only be filed after Defendants' right to appeal has lapsed. Per the December 7 stipulation, the parties agreed that Defendants maintain the right to appeal until sixty days after HHS completes the process of revisiting the challenged rule. As such, the stipulation cannot be a final judgment triggering the filing deadline for a motion for attorney fees. *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) (defining "final judgment" as "a judgment that is final and not appealable"); *Martino v. Astrue*, No. 07-CV-0941, 2009 WL 81296, at *2 (N.D.N.Y. Jan. 9, 2009) (same).

Plaintiffs nonetheless believe that in the interest of clarity and efficiency, it would be in all parties' interest for the Court to enter an order setting the requested deadline. It would be unproductive to litigate the issues of attorney fees and other expenses until after the agency has completed the process of revisiting the rule challenged in this case and determined to either reinstate the prior appeal or to allow the time for any reinstatement of an appeal to lapse. Accordingly, Plaintiffs request that this Court set the filing deadline for any application for attorney fees and other expenses under the EAJA as no later than thirty days after either (1) the expiration of the sixty-day window in which reinstatement of the appeals of the Court's November 6, 2019 Opinion and Order, Dkt. 248, is permitted, in the event that no party moves to reinstate the appeals, or (2) the issuance of a final mandate in any such appeal, in the event of a reinstated appeal.

Counsel for Plaintiffs have conferred with counsel for Defendants and Intervenors. Defendant-intervenors do not oppose the motion and agree that Defendants maintain the right to reinstate the appeal subject to the conditions in the December 7 stipulation. The Government Defendants have stated they take no position on this motion.

Should the Court find that Plaintiffs are required to file their EAJA application prior to the time that Defendants' right to appeal has lapsed under the stipulation, Plaintiffs respectfully request that the Court equitably toll the deadline to provide Plaintiffs a minimum of seven days to file a skeletal application, including the submission of detailed costs and fees documentation. Plaintiffs further request that additional proceedings and filings supporting the EAJA application, including, but not limited to, declarations, possibly an amended application, and response and reply memoranda, along with the bill of costs, be deferred until after the Defendants' right to reinstate the appeal expires. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (noting that equitable tolling permits courts to deem filings timely under appropriate circumstances); *Baker v. Saul*, No. 17CV8433 (AT) (DF), 2020 WL 2768787 (S.D.N.Y. May 1, 2020), *report and recommendation adopted*, No. 17CIV8433ATDCF, 2020 WL 2765685 (S.D.N.Y. May 28, 2020) (finding the fees application to be timely).

We thank the Court for its consideration.

Respectfully submitted,
/s/ *Diana O. Salgado*
Diana O. Salgado

Alexa Kolbi-Molinas
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th floor
New York, NY 10004
Phone: (212) 549-2633
Fax: (212) 549-2652
Akolbi-molinas@aclu.org
lkaley@aclu.org

Daniel Mach (*pro hac vice*)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, D.C. 20005
Phone: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th floor

Diana O. Salgado (*pro hac vice*)
Planned Parenthood Federation of America, Inc.
1110 Vermont Ave., NW Ste. 300
Washington, D.C. 20005
Phone: (202) 973-4800
Fax: (202) 296-3480
diana.salgado@ppfa.org

David M. Zionts (*pro hac vice*)
Covington & Burling LLP
One City Center
850 10th St NW
Washington, D.C. 20001
Phone: (202) 662-6000
dzionts@cov.com

Michelle Banker
National Women's Law Center
11 Dupont Circle, NW #800
Washington, D.C. 20036

3

New York, NY 10004
Phone: (212) 607-2298
Fax: (212) 607-3318
cdunn@nyclu.org

*Attorneys for the NFPRHA & PHS Plaintiffs*

Phone: (202) 588-5185
mbanker@nwlc.com

*Attorneys for the Planned Parenthood Plaintiffs*

Ester Murdukhayeva
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6279

*Attorney for the Governmental Plaintiffs*

Granted. The filing deadline for any application for attorneys' fees and other expenses under the Equal Access to Justice Act is no later than 30 days after either (1) the expiration of the 60-day window in which reinstatement of the appeals is permitted, in the event that no party moves to reinstate the appeals, or (2) the issuance of a final mandate in any such appeal, in the event of a reinstated appeal.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
January 11, 2023

4